763 P.2d 522

Lillian BLANTON, Clayton Bolton, Beverly Bolton, Katherine Kleinau, Robert Schmidt, Jo Marie Schmidt, Cecilia Smith, Gladys Tenerovich, Mary Zvara, Marcia Jones, Jan Stephens, Vern Stephens, Jamie Snow, Don Willie, Carolyn Willie, Linda Blanton, Larry Blanton, Bonnie Cross, Carl Jones, Laurie Ann Blanton and Jackie Cross, Plaintiffs/Appellants,

v.

David HAHN, North Valley Baptist Church, First Interstate Bank, Defendants/Appellees.

No. 2 CA-CV 88-0093.

Court of Appeals of Arizona, Division 2, Department B.

April 12, 1988.

Reconsideration Denied June 7, 1988.

Review Denied Nov. 8, 1988.

Struckmeyer and Wilson by Wallace L. Larson, Phoenix, for plaintiffs/appellants.

Nye, Shaw, Ahern, McCormley, Chambliss & Brown, P.C. by Richard E. Chambliss and Alisan M.B. Patten, Phoenix, for defendants/appellees.

OPINION

ROLL, Judge.

Plaintiffs/appellants are members of the North Valley Baptist Church (the members) who appeal from the granting of partial summary judgment in favor of defendants/appellees David Hahn (Hahn) and the North Valley Baptist Church. The trial court ruled that the members failed to muster sufficient votes in accordance with the church's bylaws to remove Hahn as pastor. For the reasons set forth below, we affirm.

FACTS

In September 1985, Calvin Blanton, the pastor of North Valley Baptist Church,[1]

1. North Valley Baptist Church is an independent church not affiliated with any national religious

was killed in a traffic accident. Shortly thereafter, Hahn was selected as his successor.

Certain members of the congregation subsequently became dissatisfied with Hahn. On August 15, 1986, four members scheduled a September 17, 1986, meeting to consider whether Hahn should be discharged as pastor. The meeting was attended by 26 members of the congregation. Of these 26 members, 18 members voted to discharge Hahn and 8 members did not vote.

Article III, § 1 of the church's bylaws provides in part: "These By-Laws shall, subject to the Articles of Incorporation, be the basic rules of government for this Church." Article V, § 1 of the bylaws of the church provides in part:

> B. A Pastor may be terminated by the Church congregation ... but only after the following conditions are met:
>
> \* \* \* \* \* \*
>
> 3. .... If the vote equals or exceeds *three-fourths of the voting members present*, the service of the Pastor shall terminate immediately. (Emphasis added.)

For purposes of the motion for summary judgment and this appeal, Hahn conceded that all 26 individuals who participated in the September 17, 1986, meeting were members of the church and were qualified to vote. He also conceded that the meeting was lawfully noticed and otherwise proper. Hahn refused to acknowledge that the vote taken at the September 17, 1986, meeting resulted in his termination.[2]

## PROCEDURAL HISTORY

When Hahn refused to recognize the validity of the purported termination on September 17, 1986, 19 members of the congregation filed a complaint in superior court seeking declaratory relief on several grounds against Hahn, the North Valley Baptist Church, and all banks with which the church had checking and/or savings accounts.[3] Hahn filed a motion for partial summary judgment seeking a determination that the vote taken at the September 17, 1986, meeting did not result in his termination. The trial court granted Hahn's motion.

## ISSUE ON APPEAL

The sole issue on appeal is whether the trial court properly granted summary judgment in favor of Hahn based upon its determination that the church's bylaws requirement for termination of a pastor was not met when 26 church members convened and 18 members voted to terminate and 8 members cast no vote.

## DISCUSSION

In reviewing the granting of summary judgment, this court must view the evidence in the light most favorable to the party opposing the motion and draw all inferences fairly arising from the evidence in favor of that opposing party. *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988); *Brown Wholesale Electric Co. v. Safeco Insurance Co.*, 135 Ariz. 154, 157, 659 P.2d 1299, 1302 (App.1982). Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact, that only one inference can be drawn from those facts, and that based upon the facts, the moving party is entitled to judgment as a matter of law. *Auto–Owners Ins. Co., supra; Giovanelli v. First Federal Savings and Loan Assoc. of Phoenix*, 120 Ariz. 577, 581, 587 P.2d 763, 767 (App.1978). If there are material facts upon which reasonable people could reach different conclusions, summary judgment is inappropriate. *Gulf Insurance Co. v. Grisham*, 126 Ariz. 123, 124, 613 P.2d 283,

---

group.

2. Hahn had scheduled a meeting for October 10, 1986, to consider the matter of his termination. At that meeting, 12 members of the congregation voted against a motion to retain Hahn as pastor and 10 members voted in favor of reten-tion. The 10 votes for retention included votes cast by Hahn and his wife.

3. Plaintiffs' complaint alleges that in November 1985, assets from the church's sale of a building and land totaled $1,700,000.

284 (1980). The parties agree that the question before the court is solely a question of law and our standard of review is de novo. *Polk v. Koerner,* 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975).

The members maintain that the phrase "three-fourths of the voting members present" should be interpreted to mean that when three-quarters of the individuals who actually cast votes vote in favor of removal, the services of the pastor are terminated in accordance with the bylaws. Since all 18 of the votes cast at the September meeting were in favor of removal, 100 percent of the votes were cast in favor of termination.

Hahn, on the other hand, maintains that the phrase should be interpreted to mean that if three-fourths of the individuals present and eligible to vote cast their votes to remove the pastor, termination occurs. Under this construction, because 26 members were present and eligible to vote and only 18 voted in favor of termination, the motion to terminate failed. Hahn argues that other sections of the church's bylaws expressly provide for "present and voting" when that was the intention of the drafters of the bylaws.[4]

The members argue that *Robert's Rules of Order* supports their interpretation.[5] Yet *Robert's Rules of Order* provides in part:

> Assume, for example, that at a meeting of a society with a total membership of 150 and a quorum of 10, there are 30 members present, of whom 25 participate in a given counted vote (taken by rising, by show of hands, or by ballot). Then, with respect to that vote:
>
> — A majority is . . . . . . . . . . . . . . . . . . 13.
> — A majority of the members present is . . . . . . . . . . . . . . . . . . . . 16.
> — A majority of the entire membership is . . . . . . . . . . . . . . . . . 76.
> — A two-thirds vote is . . . . . . . . . . . . 17.
> — A vote of two thirds of the members present is . . . . . . . . . . . 20.
> — A vote of two thirds of the entire membership is . . . . . . . . . . 100.
>
> Regarding these bases for determining a voting result, the following points should be noted:
> —Voting requirements based on the number of members present—a majority of those present, two thirds of those present, etc.—while possible, are generally undesirable. *Since an abstention in such cases has the same effect as a negative vote, these bases deny members the right to maintain a neutral position by abstaining. For the same reason, members present who fail to vote through indifference rather than through deliberate neutrality may affect the result negatively.* (Emphasis added.)

H. Robert, *The Scott, Foresman Robert's Rules of Order, Newly Revised* § 43 at 341–342 (1981).

The trial court did not err when it concluded that the phrase "three-fourths of the voting members present" required that three-fourths of the individuals present and eligible to vote cast their votes for termination.

We affirm the trial court's granting of partial summary judgment and remand for further proceedings.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

---

**4.** Article IV, § 2(A) provides in part that: "[a] two-thirds majority vote of members present and voting shall be required and sufficient for acceptance of members." Article IV, § 3 provides: "Membership may be terminated for any of the following reasons by a two-thirds majority vote of the Church members present and voting. . . ." Article VII provides that "These Bylaws may be amended or changed or rescinded by a two-thirds majority vote of the members present and voting. . . ." Article V, § 1 provides that the pastor is to be elected "by a three-fourths majority vote cast. . . ."

**5.** Article III, § 8 of the church bylaws provides: All business meetings shall be moderated according to the latest current edition of "Robert's Rules of Order", and amendments thereto, except when otherwise provided herein.