838 P.2d 1360

**John L. SULLIVAN, Plaintiff/Appellant,**

v.

**STATE LAND DEPARTMENT OF the STATE OF ARIZONA, Defendant/Appellee.**

**No. 2 CA–CV 92–0031.**

Court of Appeals of Arizona, Division 2, Department B.

Sept. 22, 1992.

**600**

Greenberg & Associates by D.G. Foulke, Tucson, for plaintiff/appellant.

Grant Woods, Atty. Gen. by Shirley S. Simpson, Phoenix, for defendant/appellee.

## OPINION

FERNANDEZ, Judge.

Appellant John Sullivan appeals from the trial court's denial of his application for attorney's fees against appellee the Arizona State Land Department in a dispute involving a state grazing lease. In light of the facts in the record, we find that the court erred in denying the request for fees.

On April 7, 1989, Sullivan filed an application with the department for a grazing lease on property near Sonoita, Arizona. The property had previously been leased by Marstell Cornwall who died in 1977. The lease was transferred to her estate in 1985, went into default in March 1986 for non-payment of rent, and was cancelled by the department in July 1986. Sullivan's application was approved by the department June 1, 1989, and he was sent a lease contract, which he executed and returned, along with his rental payment.

Meanwhile, on June 9, 1989, Marstell Cornwall's son Duane filed an application to lease the same property. The department administratively rejected his application because it had already approved Sullivan's. Cornwall requested a hearing on the rejection, which was held on the issues of whether Cornwall had received proper notice of the cancellation of the previous lease and whether Sullivan should have been granted the lease instead of Cornwall.

The state land commissioner adopted the findings and conclusions of the department hearing officer that the department had erred in cancelling the previous lease without properly notifying the lessee of record. Consequently, the department reinstated the previous lease to Cornwall upon the payment of four years' rent and rejected Sullivan's lease. Sullivan moved for a rehearing, and the previous decision was upheld by both the hearing officer and the commissioner.

Sullivan appealed the decision to superior court, naming both Cornwall and the land department as parties. The court ruled that the previous lease had been cancelled and could not be resurrected or reinstated by the department, that Sullivan's lease application had been approved by the department before Cornwall filed his application, and that the department was obligated to execute the lease Sullivan had already signed. Sullivan then requested an award of attorney's fees, which the court denied.

■ Only the denial of the fee request is before us on appeal; the department did not appeal the court's ruling on the merits. Because the court determined as a matter of law that Sullivan is not entitled to fees, our review is de novo. *Blanton v. Hahn,* 158 Ariz. 458, 763 P.2d 522 (App.1988).

Sullivan contends that he is entitled to attorney's fees based on the following language in the lease agreement:

> In any action arising out of this Lease, the prevailing party shall recover reasonable attorneys' fees incurred therein in addition to the amount of any judgement, costs and other expenses as determined by the court. In the case of Lessor, reasonable attorneys' fees shall be calculated at the reasonable market value for such services when rendered by private counsel notwithstanding that it is represented by the Arizona Attorney General's Office or by other salaried counsel.

In its ruling denying fees, the court found as follows:

THE COURT FINDS that this is an action arising out of contract and is similar to the facts in *Ash, Inc. v. Mesa Unified School District*, 138 Ariz. 190, 673 P.2d 934 ([App.] 1983).

However,

THE COURT FINDS that this Court should not award attorneys' fees in favor of Plaintiff and against the State because the State Land Department was not the Plaintiff's true adversary in the case such that Plaintiff would be entitled to recover attorneys' fees.

The Plaintiff's appeal to this Court was based on the findings and order of the hearing officer concerning the disputes between Mr. Sullivan and Mr. Cornwall. Although the hearing officer is an employee of the State Land Department, he functions as a quasi-judicial officer and his findings and orders cannot be imputed to the State Land Department itself for the purpose of awarding attorneys' fees. The State Land Department itself took no position before the hearing officer at the initial hearing as to who should get the lease. On the motion for rehearing, and on this appeal, the State Land Department took no position as to who should get the lease. In fact, the attorney for the State Land Department agreed with Mr. Sullivan on one issue related to the hearing officer's rulings and with Mr. Cornwall on another of the hearing officer's rulings.

THE COURT THEREFORE FINDS that the State Land Department is not an adverse party within the meaning of A.R.S. § 12–341.01, which would allow the Court to award attorneys' fees in favor of the Plaintiff and against the State Land Department.

■ We do not understand the court's reference to A.R.S. § 12–341.01 because Sullivan's claim was not made pursuant to that statute but pursuant to the terms of the lease agreement. The statute applies in contract actions when the contract has not provided for the payment of fees; it does not govern when the contract express-

ly provides for them. *Connor v. Cal–Az Properties*, 137 Ariz. 53, 668 P.2d 896 (App. 1983); *Sweis v. Chatwin*, 120 Ariz. 249, 585 P.2d 269 (App.1978). Thus, the trial court's determination that the land department was not an adverse party within the meaning of that statute is irrelevant.

Moreover, we disagree with the court's assessment of the nature and extent of the department's participation in these proceedings. Although it is true that the department took no position in the administrative hearing, that was not the case in the subsequent proceedings.

After Sullivan requested a rehearing, the department, through the attorney general's office, argued that the commissioner had no authority to reinstate the previous lease and contended instead that the matter should be viewed as a conflict between two new applications. The department also argued, however, that the equities favored an award to Cornwall of the lease and rejection of Sullivan's application. In taking that position, the department contended that Sullivan had no vested interest in the lease despite the department's approval of his application. Despite those arguments, the state land commissioner upheld his initial ruling that the previous lease had been erroneously cancelled and was entitled to be reinstated by Cornwall.

In the answer it filed in superior court, the department specifically denied that it had approved Sullivan's lease application on June 1, 1989. The department also contended that the state land commissioner had discretion to determine the status of the land Sullivan sought to lease. It must be remembered, after all, that Sullivan appealed to the superior court because his lease application had been rejected in favor of Cornwall's.

The department also contended in its answer that it was merely a stakeholder in the superior court proceedings. It could afford to take that position there because Cornwall was present to advance the position the hearing officer had taken, a position that was affirmed by the state land commissioner. Although we believe the trial court was correct in its determination

that the hearing officer functions as a quasi-judicial officer whose findings cannot be imputed to the department, that is not true of the state land commissioner who issued both orders the hearing officer recommended. The land commissioner is the executive officer of the land department. A.R.S. § 37–131(A). The commissioner's decisions, therefore, constitute the official "position" of the land department.

If the dispute had been between two members of the Cornwall family on who was entitled to the lease after the mother's death and litigation had ensued, then the land department would truly have been a mere stakeholder of the lease. An award of attorney's fees against the department in such a case would be improper. Here, however, the litigation arose because of active conduct by the department, which was essentially Sullivan's adversary.

We conclude that the trial court erred in finding that the department was a mere stakeholder in the determination of Sullivan's status as a lessee. Because the court found that a valid lease existed between Sullivan and the land department, the parties are bound by the terms of the lease, which provide that the prevailing party in an action arising out of it shall recover attorney's fees.

The denial of Sullivan's application for attorney's fees is reversed, and the case is remanded with instructions to grant him the fees he incurred pursuant to the parties' contract. Sullivan will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

DRUKE, P.J., and ESPINOSA, J., concur.