155 P.3d 1090

**FULTON HOMES CORPORATION, an Arizona corporation; Fulton Home Sales Corporation, an Arizona corporation, as successor in interest through merger to Fulton Home Sales Corporation, a California corporation; Fulton Homes Warranty Corporation, an Arizona corporation, Third–Party Plaintiffs/Appellants,**

v.

**BBP CONCRETE, an Arizona corporation; Trojan Concrete, Inc., an Arizona corporation, Third–Party Defendants/Appellees.**

No. 1 CA–CV 05–0510.

Court of Appeals of Arizona, Division 1, Department C.

April 24, 2007.

Koeller, Nebeker, Carlson & Haluck, LLP By William A. Nebeker, Corey B. Larson and Wood Smith Henning & Berman LLP By David E. McDowell, Ryan P. Toftoy, Phoenix, Attorneys for Third–Party Plaintiffs/Appellants.

Schneider & Onofry, PC By Charles D. Onofry, Luane Rosen, Phoenix, Attorneys for Third–Party Defendants/Appellees.

## OPINION

IRVINE, Presiding Judge.

¶ 1 Fulton Homes Corporation ("Fulton") appeals the trial court's summary judgment awarding attorneys' fees in favor of BBP Concrete ("BBP") and Trojan Concrete ("Trojan") after the parties stipulated to the dismissal of Fulton's third-party complaint against BBP and Trojan.

## FACTS AND PROCEDURAL HISTORY

¶ 2 In October 2003, homeowners at the El Dorado/Cornerstone Highlands project sued Fulton, the homebuilder/general contractor, alleging various problems with the construction of their homes. The complaint alleged that the homes were "designed and/or constructed in an unworkmanlike and substandard fashion," and specifically alleged that the homes contained "damaged slabs." The original complaint did not give details regarding the nature of the defects alleged.

¶ 3 In December 2003, the homeowners moved to certify the case as a class action. In the motion for class certification, the homeowners more fully described the alleged defects, stating that the cause of the problems at the homes included "inadequate design and construction of the homes to mitigate the effects of the expansive soils known by Fulton to be present throughout the development." The motion specifically alleged that although the civil engineer had recommended that the homes be built on heavily reinforced slab systems specifically designed for expansive soil conditions, Fulton had built the homes upon unreinforced slabs. The court certified the class in May 2004.

¶ 4 In July 2004, Fulton filed a third-party complaint against BBP and Trojan, the concrete subcontractors for the project. The third-party complaint alleged that BBP and Trojan owed a contractual duty to defend and indemnify Fulton in the event that the court awarded damages arising from BBP's or Trojan's concrete installation to the homeowners.

¶ 5 In January 2005, in response to BBP's non-uniform interrogatories, the homeowners stated that they were not seeking damages resulting from workmanship issues, but were alleging only design defects. In February 2005, the parties prepared a joint report in preparation for a status conference. BBP and Trojan stated in the report that they had requested that Fulton dismiss them from the action because the homeowners were not alleging concrete workmanship issues. BBP and Trojan requested permission, pursuant to the court's case management order, to file a motion for summary judgment seeking dismissal with prejudice. At a status confer-

ence on February 28, 2005, Fulton stipulated to dismiss BBP and Trojan from the action.

¶ 6 Trojan and BBP then moved for attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 12–341.01 (2003). Trojan and BBP each requested an award of $6,054.75. Fulton objected to the requests, arguing that BBP and Trojan were proper third-party defendants under Rule 14 of the Arizona Rules of Civil Procedure ("Rules"); that the court should exercise its discretion to deny the award; and that if the court decided to award the fees, it should assess the fees against the homeowners, not against Fulton.

¶ 7 The court denied Fulton's motion to assess the fees against the homeowners, and granted Trojan's and BBP's requests for fees. In denying Trojan's motion to pass through the fees to the homeowners, the court stated:

> [I]t was obvious as early as 2003 from a review of the pleadings and discovery/disclosure that no concrete workmanship problems were involved in this action. This information was known to Fulton Homes well before the Third–Party Plaintiff [Fulton] brought the permissive action under Rule 14. If Defendant Fulton Homes had been more precise in its third party practice, the two concrete subcontractors would not have been in this action.... Plaintiffs' [Homeowners'] framing of their action was not a cause for bringing the action against the two concrete subcontractors.

¶ 8 On August 15, 2005, finding no just reason for delay, the court entered judgment in favor of Trojan and BBP pursuant to Rule 54(b), dismissing them from the case and awarding each $6,054.75 in attorneys' fees. We have jurisdiction over Fulton's appeal from these judgments. A.R.S. § 12–2101(B) (2003).

## DISCUSSION

¶ 9 The trial court may award attorneys' fees to the "successful party" in a "contested action arising out of a contract" to "mitigate the burden of the expense of litigation to establish a just claim or a just de-fense." A.R.S. § 12–341.01(A), (B). To justify such an award, the parties must actually be "adverse," and the trial court must exercise its discretion to determine who is the "successful party." *See Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 466–67, 733 P.2d 652, 663–64 (App.1986). Additionally, the award of fees itself "is discretionary with the trial court, and if there is any reasonable basis for the exercise of such discretion, its judgment will not be disturbed." *Id.* at 466, 733 P.2d at 663 (citing *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71, 694 P.2d 1181, 1184–85 (1985)). We will affirm an award with a reasonable basis even if the trial court gives no reasons for its decision regarding whether to award fees. *See Uyleman v. D.S. Rentco*, 194 Ariz. 300, 305, ¶ 27, 981 P.2d 1081, 1086 (App. 1999).

¶ 10 In exercising its discretion, the trial court should consider the factors set forth in *Warner*, which include

> the merits of the unsuccessful party's claim, whether the claim could have been avoided or settled, whether the successful party's efforts were completely superfluous in achieving the result, whether assessing fees against the unsuccessful party would cause an extreme hardship, whether the successful party did not prevail with respect to all of the relief sought, the novelty of the legal question presented, and whether an award to the prevailing party would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.

*Id.* (citing *Warner*, 143 Ariz. at 570, 694 P.2d at 1184).

¶ 11 Fulton contends that the trial court erred in awarding attorneys' fees in favor of BBP and Trojan because (1) it properly filed the third-party complaint pursuant to Rule 14; (2) Fulton was not an "adverse party" to BBP and Trojan within the meaning of A.R.S. § 12–341.01 because Fulton asserted only contingent claims based upon the homeowners' allegations; (3) Trojan and BBP were not "successful parties" because the homeowners abandoned the claim upon which Fulton's claim against them was con-

tingent; and (4) the fee award was inappropriate in light of the factors to be considered, and will have a chilling effect on third-party claims.[1]

### A. Rule 14

¶ 12 Fulton contends that the trial court erred in awarding fees because Fulton properly brought the action against BBP and Trojan pursuant to Rule 14. Fulton contends that it is unclear from the homeowners' initial complaint, and even the subsequently filed motion for class certification, whether the homeowners sought compensation for faulty workmanship in addition to compensation for faulty design of the concrete slabs on which their homes were built. Fulton's third-party complaint alleged only that if it were liable to the homeowners for concrete workmanship damages, then Trojan and BBP were liable to Fulton for those damages. Rule 14 allows a defendant to bring such a contingent third-party claim to protect its rights and to efficiently resolve all claims that may arise from the same transaction. Ariz. R. Civ. P. 14(a). Thus, Fulton contends, it brought a legitimate third-party complaint, and should not be penalized by being required to pay attorneys' fees.

¶ 13 BBP and Trojan argue that even if the initial complaint and motion for class certification were unclear, disclosure and discovery soon revealed that the homeowners sought compensation only for design defects, not construction defects, and that Fulton should have dismissed the third-party complaint sooner. Thus, they contend the fee award is justified because Fulton unreasonably expanded the litigation.

¶ 14 Fulton responds that it unsuccessfully attempted to obtain a stipulation from the homeowners regarding their intention to seek damages only for concrete design issues, not concrete workmanship issues. Moreover, Fulton notes that it stipulated to

dismiss the third-party complaint promptly when the homeowners stated on the record that they did not intend to pursue claims for concrete workmanship issues. Consequently, Fulton contends that it properly handled its third-party complaint, and the trial court had no basis for awarding fees.

¶ 15 The propriety of the third-party complaint under Rule 14 is not dispositive. Assuming that the third-party complaint was entirely proper under Rule 14 and that Fulton did not delay dismissing the complaint for even one minute longer than necessary, that fact would not protect Fulton from a fee award under A.R.S. § 12–341.01. Courts regularly award fees against plaintiffs who bring good faith but ultimately unsuccessful contract actions. Whether a claim was properly brought, or whether it was unduly expanded or delayed, are factors for the court to consider when determining whether to award attorneys' fees; but no single factor requires or prohibits an award of fees.

¶ 16 The trial court concluded that Fulton should not have brought the third-party complaint because the complaint did not allege faulty workmanship claims, and because the initial discovery and disclosure indicated that the homeowners were not seeking damages for faulty concrete workmanship. The court gave great weight to this finding in denying Fulton's motion to "pass through" the attorneys' fees award to the homeowners, apparently reasoning that the homeowners did nothing to prompt Fulton to file the third-party complaint and therefore should not be made to pay the fees engendered by it. Although the homeowners' initial complaint might reasonably have supported Fulton's filing of the third-party complaint, we defer to the trial court's conclusion that Fulton should have known very quickly that the homeowners were not asserting faulty concrete workmanship claims. In any event, nothing in the record indicates that the trial

---

1. Fulton also contends that public policy requires holding the homeowners, rather than Fulton as the third-party plaintiff, liable for the third-party defendants' attorneys' fees under the facts of this case. The trial court, however, did not include in the final judgments entered pursuant to Rule 54(b) the portion of the ruling that denied Fulton's motion to pass through to the homeowners the obligation to pay Trojan's and BBP's attorneys' fees, nor did the court enter separate judgments on this issue. Fulton's notice of appeal did not indicate any intent to appeal this issue, and the homeowners, whom Fulton wishes to hold financially responsible to pay the fees, are not parties to this appeal. We therefore lack jurisdiction to address this issue.

court relied solely on this factor in deciding to award attorneys' fees to Trojan and BBP in the first instance, or in determining the amount of the award. Based on the record, we do not find that the trial court abused its discretion in considering this factor or in assigning it great weight.

### B. Adverse Party

¶ 17 We next address Fulton's claim that it was not an "adverse party" to BBP and Trojan within the meaning of A.R.S. § 12–341.01 because Fulton asserted only contingent claims based upon the homeowners' apparent allegations of faulty workmanship. Fulton cites *Pioneer Roofing* for the proposition that a third-party plaintiff and third-party defendant are not adverse when the third-party complaint asserts only contingent claims based upon a plaintiff's allegations. *Pioneer Roofing* addressed the question of adversity between the plaintiff and the third-party defendant. We held that "[a]dversity [ ] is not determined solely from the parties' alignment in the pleadings, but rather must be ascertained from the opposing positions or interests of the parties." 152 Ariz. at 466, 733 P.2d at 663. As we explained, the third-party defendant's ultimate responsibility for the claims asserted against it rendered it adverse to the plaintiff. *Id.* at 466–67, 733 P.2d at 663–64. "The rule involving third-party practice clearly recognizes that third-party defendants are in an adverse position to the party asserting a claim for which they may be ultimately responsible." *Id.* at 466, 733 P.2d at 663. In other words, even though the plaintiff did not assert a claim directly against the third-party defendant, their interests were "adverse."

¶ 18 Fulton contends that it defended BBP's and Trojan's construction of the slabs as proper and dismissed BBP and Trojan when the homeowners conclusively stated they were not seeking damages for faulty workmanship. Fulton denies seeking to keep them in the case simply to "shift the blame" to them. Thus, Fulton contends, it is apparent that its interests were aligned with BBP's and Trojan's interests, not adverse to them.

¶ 19 Fulton disregards the fundamental nature of the third-party complaint at issue here. Fulton sought to hold BBP and Trojan liable for any and all damages it became obligated to pay to the homeowners in connection with faulty concrete workmanship. *Pioneer Roofing* does not preclude a finding that these parties are adverse. That decision merely explained that, in many circumstances, a third-party defendant's interests may be "adverse" to the original plaintiff's interests. It did not hold that the third-party plaintiff and third-party defendant cannot also be "adverse" parties. In this case, BBP and Trojan could argue, as they have on appeal, that they were not obligated to defend Fulton, or that any defects were rooted in design problems. The interests of the parties were not completely aligned.

¶ 20 Fulton also cites *Sullivan v. State Land Department* for the proposition that its interests are not "adverse" to those of BBP and Trojan. 172 Ariz. 599, 838 P.2d 1360 (App.1992). In *Sullivan*, the court considered an appeal of the trial court's denial of Sullivan's application for attorneys' fees, after a dispute between Sullivan and the State Land Department over the validity of a lease. *Id.* at 600, 838 P.2d at 1361. Fulton contends that, because the State Land Department took no position in the case, it was not adverse to the plaintiff. *Id.* at 601, 838 P.2d at 1362. Fulton asserts that, like the State Land Department in *Sullivan*, it occupies only a stakeholder position here because it is essentially a middleman between the homeowners and the allegedly negligent subcontractors.

¶ 21 In fact, *Sullivan* concluded that "the trial court erred in finding that the department was a mere stakeholder in the determination of Sullivan's status as a lessee" and that the Department was in fact Sullivan's adversary. *Sullivan*, 172 Ariz. at 602, 838 P.2d at 1363. The court did state that *if* the dispute had arisen between two persons who asserted a right to a single lease, the Department would have been a mere stakeholder and an award of attorneys' fees would have been inappropriate. Nevertheless, because the Department had actively engaged in con-

duct leading to the litigation, it was essentially Sullivan's adversary.

¶ 22 Similarly in this case, Fulton is more than a mere "stakeholder" in the third-party complaint. Fulton actively sought to hold BBP and Trojan liable instead of itself if the homeowners alleged and proved faulty concrete workmanship claims. The litigation against BBP and Trojan "arose because of active conduct by [Fulton]." *Id.* Fulton's interests were "adverse" to those of BBP and Trojan. The trial court thus properly considered an award of attorneys' fees in this case.

## C. Successful Party

¶ 23 Fulton asserts that the fee statute requires a finding that one party is "successful" and that Trojan and BBP were not "successful parties" because the homeowners abandoned the claim upon which Fulton's claim against them was contingent. Fulton contends it sued BBP and Trojan to enforce its contractual right to defense and indemnity, and that BBP and Trojan never demonstrated that Fulton was not entitled to a contractual right to indemnity and defense. Thus, Fulton argues, they were "successful" in avoiding indemnity only because the homeowners stipulated that they would not seek damages arising from faulty workmanship, not because Fulton's claim lacked merit.

¶ 24 An adjudication on the merits is not a prerequisite to recovering attorneys' fees under A.R.S. § 12–341.01. *See Wagenseller v. Scottsdale Memorial Hosp.,* 147 Ariz. 370, 393–94, 710 P.2d 1025, 1048–49 (1985) (superseded by statute on other grounds) (allowing fees for successful prosecution of appeal, resulting in remand to trial court for further proceedings). Indeed, in *Harris v. Reserve Life Ins. Co.,* 158 Ariz. 380, 385, 762 P.2d 1334, 1339 (App.1988), we noted that the trial court may award costs to the defendant as a "successful party" pursuant to A.R.S. § 12–341, when a complaint is dismissed because of a plaintiff's failure to prosecute. Thus, even if we accept Fulton's characterization that the homeowners "abandoned" their faulty workmanship claims in this case, leading to the stipulated dismissal, we see no reason to conclude, as a matter of law, that the third-party defendants may not

be considered to be "successful parties" pursuant to A.R.S. §§ 12–341 and—341.01.

¶ 25 Moreover, the trial court has substantial discretion to determine who is a "successful party." *Pioneer Roofing,* 152 Ariz. at 467, 733 P.2d at 664. Although the actual claims asserted in Fulton's third-party complaint were never litigated, BBP and Trojan were forced to expend money engaging in discovery, attempting to obtain a stipulation from the homeowners regarding the damages sought, filing a joint status conference report, and filing a request for permission to file a motion for summary judgment, among other activities, all in an attempt to extricate themselves from a lawsuit in which the trial court concluded they should never have been forced to participate. Eventually, they succeeded in having the claims against them dismissed. Under these circumstances, the trial court did not abuse its discretion in concluding that these third-party defendants were "successful" in establishing a "just defense" to the claims brought against them.

## D. Chilling Effect/Remaining Factors

¶ 26 Fulton contends that the trial court abused its discretion in awarding fees because such fee awards will have a chilling effect on third-party claims. Fulton also contends that applying the factors set forth in the *D.S. Rentco* case leads to the conclusion that the fee award was inappropriate. Specifically, Fulton contends that five of the listed factors militate against an award of fees: (1) its claims had merit; (2) the claims could not have been avoided or settled; (3) BBP's and Trojan's efforts were unnecessary to the result, because the homeowners essentially abandoned their claims; (4) assessing fees against Fulton will cause an extreme hardship; and (5) an award to BBP and Trojan will discourage other parties from litigating tenable claims due to fear of having to pay attorneys' fees. We conclude that these factors actually favor an award of fees, so the record supports the trial court's exercise of its discretion to award them.

¶ 27 Regarding the first factor, whether Fulton's claims had merit, we note that the trial court concluded that Fulton should not

have filed the third-party complaint, or at least should have dismissed it much sooner than it did, upon discovering that the homeowners were not asserting construction defect claims regarding the concrete contractors.

¶ 28 As for the second factor, whether the claims could have been avoided or settled, the trial court acted within its discretion in finding that Fulton could have protected its rights against BBP and Trojan by methods other than dragging them into a lawsuit when it was not immediately apparent that the homeowners had alleged faulty workmanship claims arising from BBP's and Trojan's work. Additionally, assuming the third-party complaint was properly brought, once it became apparent that the homeowners were not asserting faulty workmanship claims related to the concrete slabs, Fulton itself could have sought a stipulation from the homeowners, or brought the matter to the court's attention for a clarification of the homeowners' claims and dismissal at an earlier date. Fulton obviously disagrees with this conclusion. Nevertheless, even assuming that Fulton properly filed the claim, that it was meritorious at the outset, and that Fulton promptly dismissed the claim, based on the remaining factors the trial court did not abuse its discretion in awarding fees to BBP and Trojan.

¶ 29 With regard to the third factor, Fulton contends BBP's and Trojan's efforts were unnecessary to the result, because the homeowners essentially abandoned their claims. But if BBP and Trojan had not actively urged dismissal of the action, they might still be in the lawsuit, spending money to prepare to defend potential claims against them. This is not a case in which Fulton filed and dismissed the third-party complaint without the third-party defendants having to participate in the lawsuit. Nor is it a case in which the third-party defendants engaged in unnecessary discovery or motion practice, or asserted frivolous counterclaims. BBP and Trojan were required to file an answer, participate in discovery, and file a motion to attempt to obtain dismissal of the action. Their actions were necessary to obtain the dismissal.

¶ 30 Concerning the fourth factor, whether assessing fees against Fulton will cause an extreme hardship, Fulton provided no financial records or other evidence to the trial court to support this contention and did not make a serious argument to the trial court, nor to this court, that the $12,000 it has been required to pay will cause "extreme hardship."

¶ 31 Finally, we reject Fulton's argument about the fifth factor, that an award to BBP and Trojan will discourage other parties from litigating tenable claims due to fear of having to pay attorneys' fees. The award of fees, approximately $6,000 to each third-party defendant, is not so exorbitant as to discourage meritorious claims. On the other hand, if the award encourages potential third-party plaintiffs to more thoroughly consider and investigate their third-party claims before filing them, then it benefits future parties and our judicial system.

¶ 32 We conclude that the trial court did not abuse its discretion in awarding fees to BBP and Trojan and affirm the awards in favor of each of them.

**E. Costs and Attorneys' Fees on Appeal**

¶ 33 BBP and Trojan, as the prevailing parties, are entitled to an award of costs on appeal. See A.R.S. § 12–341. BBP and Trojan also have requested an award of reasonable attorneys' fees pursuant to A.R.S. § 12–341.01. After considering the relevant factors, we award reasonable attorneys' fees in an amount to be determined upon BBP's and Trojan's compliance with Rule 21 of the Arizona Rules of Civil Appellate Procedure.

**CONCLUSION**

¶ 34 For the foregoing reasons, we affirm the trial court's award of attorneys' fees to BBP and Trojan, and grant their request for an award of fees in a reasonable amount on appeal.

CONCURRING: SUSAN A. EHRLICH

and CATHY M. HOLT, Judges.[2]

---

**2.** The Honorable Cathy M. Holt, Judge of the Maricopa County Superior Court, was authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to the Arizona Constitution, Article 6, Section 3, and A.R.S. §§ 12–145 to –147 (2003).