NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JORGE SANDOVAL, *Plaintiff/Appellant/Cross-Appellee,*

*v.*

OXFORD FINANCIAL LLC, et al., *Defendants/Appellees/Cross-Appellants.*

No. 1 CA-CV 20-0023

FILED 03-09-21

Appeal from the Superior Court in Maricopa County
No. CV 2017-014797
The Honorable Teresa A. Sanders, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Lemon Law Group, North Miami Beach, FL
By Brooks Richard Siegel
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

The Law Offices of Edward L. Ewald Jr., Wixom, MI
By Edward L. Ewald Jr. (*Pro Hac Vice*)
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Tiffany & Bosco PA, Phoenix
By Tina M. Ezzel
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Chief Judge Peter B. Swann joined.

---

**C A M P B E L L**, Judge:

¶1        Jorge Sandoval appeals the superior court's order granting Oxford Financial LLC d/b/a Certified Benz and Beemer ("CBB") attorneys' fees, adopting the proposed form of judgment, and denying his motion for new trial. Because discretion over these matters resides in the superior court, we affirm. However, we vacate the interest rate calculation and remand for further proceedings consistent with this decision. CBB cross-appeals the superior court's order denying sanctions against Sandoval. We affirm.

**BACKGROUND**

¶2        Sandoval purchased a preowned 2012 BMW X5 from CBB in 2016 (the "vehicle"). BMW of North America, LLC ("BMW"), the manufacturer of the vehicle, issued Sandoval a four year-warranty. Over the next few years, Sandoval had to take the vehicle in for repairs on numerous occasions. Some of these repairs were performed by CBB.

¶3        Dissatisfied with the vehicle, Sandoval sent BMW a letter revoking acceptance of the vehicle. When both BMW and CBB declined to accept return of the vehicle, Sandoval brought a complaint against both BMW and CBB alleging the following claims: breach of factory warranty (Count I), breach of Magnuson-Moss Warranty Act (Count II), revocation of acceptance (Count III), and negligent repair (Count IV). It was clear from the complaint that Count I was only brought against BMW. Count III appears to have been brought against both BMW and CBB, and Count IV appears to have only been brought against CBB.

¶4        CBB filed a motion to dismiss the complaint, or in the alternative, requested the court require a more definitive statement. In his response to CBB's motion, Sandoval clarified that Count II was only directed at BMW. The court denied the motion.

¶5        As part of discovery, Sandoval was deposed. At his deposition, he explained that the vehicle had been purchased for his family to use, and that he had never driven the vehicle or even been a passenger. He stated that CBB's repair work had always been top quality, and that he has never had to pay for any of the repairs. Sandoval also admitted that he was unaware of any current problems with the vehicle, and that his family was still driving it.

¶6        CBB filed a motion for summary judgment, and a separate motion for attorneys' fees and sanctions. Before the court ruled on CBB's motions, Sandoval and BMW entered into a settlement. In the notice of settlement, BMW explained that all claims between Sandoval and all defendants had been settled, but the settlement did not affect CBB's ability to pursue reimbursement of its own attorneys' fees and costs. In light of the notice of settlement, the court denied both of CBB's motions without prejudice. After a change of judge, CBB moved for reconsideration of its motion for fees and sanctions. The court ultimately denied this request, stating it would consider a request for attorneys' fees, costs, and sanctions upon the resolution of the case.

¶7        Sandoval then voluntarily dismissed the case. CBB again filed an application for attorneys' fees, costs, and sanctions. The court granted CBB attorneys' fees and costs but denied sanctions. CBB supplied a proposed form of judgment. Sandoval objected. The court adopted CBB's proposed form of judgment. Sandoval moved for a new trial, which the court denied. Sandoval timely appealed, and CBB timely cross-appealed.

## DISCUSSION

¶8        Sandoval appeals the superior court's order granting CBB attorneys' fees under A.R.S. 12-341.01. Sandoval argues that: (1) his action against CBB did not arise out of contract; (2) CBB was not the successful party; (3) the court abused its discretion in awarding attorneys' fees; and (4) even if attorneys' fees were appropriate, the amount awarded was unreasonable. Sandoval also appeals the form of judgment, and the superior court's order denying him a new trial.

¶9        CBB cross-appeals the superior court's order denying a fee award under A.R.S. § 12-349 and sanctions under Arizona Rule of Civil Procedure ("Rule") 11, arguing clear error and abuse of discretion.

3

I.      **Attorneys' Fees**

¶10         Section 12-341.01(A) states that "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." Whether an attorneys' fees statute applies "is a question of statutory interpretation that we review de novo." *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 26, ¶ 24 (App. 2006). However, a court's decision to award fees is reviewed for an abuse of discretion. *Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 466 (App. 1986).

        A.      **Arising Out of Contract**

¶11         For a party to recover fees and costs under A.R.S. § 12-341.01, the action must arise out of contract. In awarding attorneys' fees, the superior court held that Sandoval's negligent repair claim against CBB arose out of a contract. Sandoval argues on appeal that this was error because his negligent repair claim sounds in tort.

¶12         For purposes of A.R.S. § 12-341.01, a claim arises out of contract if it could not exist but for a breach of contract. *Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 522 (1987). Where the contract merely creates a relationship between the parties, but public policy imposes a duty, violation of that duty is a tort claim that does not arise out of a contract. *Id.* On the other hand, when the duty alleged to have been breached is not imposed by law, but created by the contract, the alleged breach does arise out of contract. *Id.*; *see also Lewin v. Miller Wagner & Co.,* 151 Ariz. 29, 36 (App. 1986) ("[W]hile a contractual relationship may give rise to a duty to perform in accordance with a certain standard of care, this legally imposed duty exists separate and apart from the contract giving rise to the duty. The failure to comply with this standard of care results in a breach of the legal duty imposed and is not an action 'arising out of contract' under A.R.S. § 12–341.01(A).").

¶13         Sandoval argues that the duty CBB breached arose out of operation of law, and not the contract itself. Sandoval points to his negligent repair claim which was pled as a traditional tort claim, asserting duty, breach, causation and damages. Further, Sandoval notes that under common law there is a "duty to perform repairs in a reasonably competent manner." *Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 294 (1982). Although CBB was repairing the vehicle under the warranty, Sandoval asserts that the warranty was just a predicate contract that induced their relationship.

¶14        CBB agrees that this claim is pled in the language of tort-law. However, CBB notes that, in the complaint, Sandoval asserted that "[CBB] owed a duty of care to [p]laintiff under the warranties to perform repairs in a good and workmanlike manner within a reasonable time." The phrase "workmanlike manner" is often used to describe duties owed under warranties implied in contract. *Lofts at Fillmore Condominium Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, 575, ¶ 5 (2008) (noting that the implied warranty in a builder-vendor contract includes construction done in a workmanlike manner).

¶15        We need not decide if the negligent repair claim arose out of contract because it was not the only claim brought against CBB. Sandoval also asserted a revocation of acceptance claim against CBB which can only exist if there is a contractual relationship. A revocation of acceptance action could not exist but for a breach of contract. *See Seekings v. Jimmy GMC of Tucson, Inc.*, 130 Ariz. 596, 601 (1981) (holding that a revocation of acceptance action is available when the purchase of goods is in "nonconformity from what they were represented to be"). Indeed, Sandoval himself requested attorneys' fees under A.R.S. § 12-341.01 in his response to CBB's motion for summary judgment, asserting that "[t]his action arises, in part, from a contract between Defendants and Plaintiff."

¶16        Regardless of whether the negligent repair claim arises out of contract, we find that the revocation of acceptance does arise out of contract. "[W]e will affirm the trial court's decision if it is correct for any reason." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins.*, 140 Ariz. 174, 178 (App. 1984). Further, "[a]ttorney's fees may be awarded under that statute for tort claims that are intertwined with contract claims." *Campbell v. Westdahl*, 148 Ariz. 432, 441 (App. 1985). We hold that the trial court did not err when it found the action to arise out of contract.

## B.    Prevailing Party

¶17        For fees to be appropriate under A.R.S. § 12-341.01, the requesting party must be a prevailing party. Because Sandoval dismissed all claims against CBB with prejudice and CBB paid nothing, the court found that CBB was the "successful party." It is typically within the trial court's discretion to recognize a defendant as the successful party when the plaintiff voluntarily dismisses the case. *See Vicari v. Lake Havasu City*, 222 Ariz. 218, 224–25, ¶¶ 25–27 (App. 2009); *see also Fulton Homes Corp. v. BBP Concrete,* 214 Ariz. 566, 572, ¶¶ 23–25 (App. 2007).

¶18 Sandoval argues that the superior court abused its discretion by characterizing CBB as the successful party. First, Sandoval contends that there is no successful party because neither party prevailed on the merits, citing *General Cable Corporation v. Citizens Utilities Co.*, 27 Ariz. App. 381 (1976), as support. However, Sandoval's reliance on this case is misguided. In *General Cable*, the trial court ruled against both plaintiff's claim and defendant's counterclaim. 27 Ariz. App. at 383. Plaintiff argued that because its claim was for more money than defendant's counterclaim, it should have been the successful party. *Id.* at 385. However, we held that "[u]nder the facts of this case, where a complaint seeks greater damages than the counterclaim and the trial court has denied relief to both parties, we find that neither party is the 'successful party.'" *Id.* Here, CBB did not lose a counterclaim. Rather, as the superior court noted, CBB ultimately achieved its desired result. Moreover, this court has recognized that "[a]n adjudication on the merits is not a prerequisite to recovering attorneys' fees under A.R.S. § 12–341.01." *Fulton Homes*, 214 Ariz. at 572, ¶ 24.

¶19 Next, Sandoval argues that CBB is not the prevailing party because he only dismissed his claims against CBB because he had settled with BMW. If anything, Sandoval argues, he should be considered the successful party, citing *Moedt v. General Motors Corp.* for support. 204 Ariz. 100, 103, ¶ 9 (App. 2002) (holding that "a party who settles a Lemon Law claim after a lawsuit has been initiated is a 'prevailing party' entitled to an award of attorney's fees").

¶20 However, we are not persuaded by this argument. Even if Sandoval were the successful party against BMW, he cannot be considered a successful party against CBB. As the trial court notes, CBB paid nothing, and all the claims against it were dismissed. Moreover, we are not persuaded by Sandoval's reliance on *Moedt*. In *Moedt*, the court found that a car purchaser may be characterized as the prevailing party when it settles with the manufacturer. *Id.* This case does not suggest that a car purchaser is also the prevailing party against third parties not privy to the settlement agreement.

¶21 Further, we are not persuaded by Sandoval's suggestion that his decision to dismiss had to be in some way motivated by CBB's actions, in order for CBB to be the successful party. Section 12–341.01(B) is intended "to mitigate the burden of the expense of litigation to establish a just claim or a just defense." CBB should not lose its ability to recover, after incurring expenses, simply because Sandoval voluntarily withdrew his complaint. The superior court did not abuse its discretion in characterizing CBB as the prevailing party.

## C. Abuse of Discretion

¶22 Sandoval also argues that, even if the action arises out of contract and CBB is a prevailing party, the trial court nonetheless abused its discretion in awarding CBB attorneys' fees under A.R.S. § 12-341.01. In exercising its discretion, the trial court must consider:

> [1] [T]he merits of the unsuccessful party's claim, [2] whether the claim could have been avoided or settled [and] whether the successful party's efforts were completely superfluous in achieving the result, [3] whether assessing fees against the unsuccessful party would cause an extreme hardship, [4] whether the successful party did not prevail with respect to all of the relief sought, [5] the novelty of the legal question presented, and [6] whether an award to the prevailing party would discourage other parties with tenable claims from litigating legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees.

*Fulton Homes*, 214 Ariz. at 569, ¶ 10 (internal quotation marks omitted); *see also Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985). After considering these factors, the superior court found that an award of attorneys' fees was justified.[1] On appeal, Sandoval argues that a proper consideration of these factors actually weighs against an award of attorneys' fees.[2]

---

[1] Sandoval contends that CBB did not offer any evidence of these six factors. Therefore Sandoval argues, CBB did not meet its burden of proving attorneys' fees were warranted. *See Woerth v. Flagstaff*, 167 Ariz. 412, 419–20 (App. 1990). However, a review of the record indicates that CBB did provide an adequate factual basis.

[2] CBB argues that Sandoval waived this argument on appeal. As CBB points out, Sandoval did not address these factors in its response to CBB's application for attorneys' fees but raised them for the first time in his motion for new trial. Sandoval responds that he preserved the argument that CBB did not meet its burden through its briefing on CBB's request for sanctions. Because the evidence relevant to an attorneys' fees analysis under A.R.S. § 12-341.01 overlaps with the evidence in the sanctions analysis, we find that the issue has not been waived.

¶23 The superior court found that "once discovery was conducted facts were revealed that put into question the merits of Plaintiff's claim" (first factor). Sandoval disputes this finding, asserting that his claims had merit. To support his argument, Sandoval cites the numerous instances where the vehicle required repair. He argues that the repair record demonstrates that the vehicle was either defective as manufactured or negligently repaired. Further, Sandoval points out that he testified at his deposition that the vehicle had many problems, and that an unnamed employee of CBB admitted that the car was defective.

¶24 However, Sandoval also testified that he has never actually driven or been a passenger in the vehicle. He also stated that the repair work had been top quality, he did not pay for any of the repairs, and that he was not aware of any current problems with the vehicle. Given these admissions, the trial court did not err when it found that his case was questionable on the merits.

¶25 The superior court noted that Sandoval dismissed his complaint before the court's ruling on CBB's motion for summary judgment, avoiding an oral argument and trial (second factor). The court found that defendant's efforts were necessary to achieve this result. On appeal, Sandoval asserts that CBB actually employed tactics to manufacture a record through which it could request sanctions. However, given that Sandoval's withdrawal came after discovery and CBB's motion for summary judgment, there is a sufficient basis to support the superior court's conclusion.

¶26 The superior court also found that defendant had succeeded with respect to all relief sought, (fourth factor) and that the issues were not novel (fifth factor). Sandoval does not directly address the fourth factor. Sandoval also agrees that the issues were not novel, but confusingly states this factor weighs against finding an award. However, a finding that the issues are not novel weighs in favor of finding an award.

¶27 Moving on to the sixth factor, the superior court also found that "[a]n award [of attorneys' fees] would not discourage parties with tenable claims from pursuing them." Sandoval contends that an award in this case would disincentivize future parties from bringing a claim against a car dealer in cases where there is an open question regarding responsibility for the defective condition of a product. Sandoval asserts that a party would be incentivized to only go after the manufacturer. However, given the weaknesses exposed in Sandoval's arguments through discovery, we agree with the superior court. A fee awarded under these facts would

not discourage parties with tenable claims to raise them in the future. We find that the trial court did not abuse its discretion.

### D. Reasonableness of the Amount of Fees

¶28 Sandoval asserts that, even if it was not an abuse of discretion to award attorneys' fees, it was still an error to award CBB's full amount of requested fees. However, Sandoval never disputed the reasonableness of the amount of fees requested. The only issues Sandoval raised were whether the action arose from contract and whether CBB was a successful party.

¶29 In his reply brief, Sandoval argues that he asserted below that no amount of attorneys' fees were reasonable, but does not cite to the record for support of this assertion. Therefore, we find that Sandoval waived any argument that the amount of the award was unreasonable. *Schoenfelder v. Ariz. Bank*, 165 Ariz. 79, 90 (1990) (appellate court generally will not consider issues on appeal not argued before the trial court); *Conant v. Whitney*, 190 Ariz. 290, 293–94 (App. 1997) (arguments raised for the first time in a motion for new trial are waived).

¶30 Waiver aside, we are still not convinced by Sandoval's arguments. He contends that the amount is unreasonable because CBB's counsel used block billing, CBB's fees are outrageous when compared to his own attorneys' fees, and that a significant amount of work was performed by a shareholder rather than less expensive counsel. However, "[o]nce a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 38 (App. 2007). Further, an "opposing party does not meet [that] burden merely by asserting broad challenges to the application. It is not enough . . . simply to state, for example, that the hours claimed are excessive and the rates submitted too high." *Id.* (quoting *Arizona v. Maricopa Cnty. Med. Soc'y*, 578 F.Supp. 1262, 1264 (D.Ariz.1984)). Sandoval has not met his burden of proving that the amount of fees awarded was unreasonable.

## II. Motion for New Trial

¶31 Sandoval argues that, because the trial court concluded his negligent repair claim arose from contract, which he asserts is an error, the court abused its discretion when it denied his motion for new trial. We review the denial of a motion for new trial for an abuse of discretion. *Castro*

*v. Ballesteros-Suarez*, 222 Ariz. 48, 52, ¶ 12 (App. 2009). As previously explained, Sandoval's revocation of acceptance claim arises out of contract. Therefore, even if the negligent repair claim does not independently arise from contract, the trial court may still award attorneys' fees for this claim because it is interwoven with the revocation of acceptance claim. We hold the trial court did not abuse its discretion when it denied Sandoval's motion for new trial.

## III.    Form of Judgment

**¶32**        Sandoval next objects to the trial court's adoption of CBB's proposed form of judgment. He asserts that the proposed form does not comport with Rule 54 because it includes findings of fact and conclusions of law. He argues that because no rule expressly allows for the inclusion of findings of fact and conclusions of law in a judgment, the court erred by including them. However, the proposed form is not advancing new findings of fact or conclusions of law, rather it is merely summarizing the court's findings from its previous order on attorneys' fees. Sandoval points to no rule prohibiting such a summary from being included in a judgment. Also, Sandoval does not demonstrate how the inclusion of this summary causes him any harm.

**¶33**        Sandoval also argues that the form of judgment inappropriately requests attorneys' fees and costs for collecting the judgment. However, the judgment does not grant CBB attorneys' fees and costs for collecting a judgment. Rather, it only permits CBB to apply for such an award in the future.

**¶34**        Sandoval also contends that the interest rate was inappropriate. Under A.R.S. § 44-1201(B), the interest rate "shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published . . . ." The rate adopted by the court in its judgment was 6.25%. However, on the date that judgment was entered, September 24, 2019, the prime rate was only 5%. Data Download Program, Federal Reserve, https://www.federalreserve.gov/ datadownload/Chart.aspx?rel=H15&series=8e83f7f17c5cea4d190d85ae67 37639f&lastobs=100&from=&to=&filetype=csv&label=include&layout=se riescolumn&pp=Download (last visited February 4, 2021). Following A.R.S. § 44-1201(B), the interest rate should have been set at 6%.

**¶35**        We find that the only error in the form of judgment was the interest rate assessed. Therefore, we vacate that part of the judgment, and remand for further proceedings.

### IV. Fee Award under A.R.S. § 12-349

**¶36** On cross-appeal, CBB argues that the trial court erred by denying its request for a fee award against both Sandoval and his attorneys under A.R.S. § 12-349. Section 12-349(A), when applicable, requires the court to "assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party." Because a fee award under this statute is mandatory once the predicate findings are made, we review the court's application of the statute de novo and the court's findings of fact for clear error. *See Phoenix Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243, 244 (App.1997); *City of Casa Grande v. Arizona Water Co.*, 199 Ariz. 547, 555, ¶ 27 (App. 2001).[3]

**¶37** The trial court found that, based on the record, it could not make the necessary findings of fact to support an award under § 12-349. CBB argues that the record clearly indicates that an award is required under § 12-349 (A)(1) and (A)(2).

### A. Claims Without Substantial Justification

**¶38** Section 12-349(A)(1) requires the court to assess attorneys' fees when an attorney or party "[b]rings or defends a claim without substantial justification." A claim or defense is "without substantial justification" when it is both "groundless" and "not made in good faith." A.R.S. § 12-349(F). When analyzing good faith under A.R.S. § 12-349, we use a subjective standard. *Goldman v. Sahl*, 248 Ariz. 512, 531, ¶ 66 (App. 2020).

**¶39** CBB argues that the record demonstrates bad faith pointing to excerpts from Sandoval's deposition where he admits that he did not actually speak to his attorneys until two days before his deposition and had not actually reviewed several documents prepared by his attorneys. CBB also points out that Sandoval and his attorneys did not disclose important

---

[3] As a threshold matter, CBB argues that the trial court was required to consider the factors set out in A.R.S. § 12-350. The trial court did not specifically address any of the A.R.S. § 12-350 factors, only noting that it was unable to make the required findings of fact. However, A.R.S. § 12-350 only states that, in *awarding* attorney fees pursuant to § 12-349, "the court shall set forth the specific reasons for the award and *may* include the [enumerated] factors, as relevant." (Emphasis added.) Section 12-350 does not require the trial court to specifically address every factor enumerated when denying a motion for sanctions under A.R.S. § 12-349.

facts, such as the fact that Sandoval had never actually used the vehicle himself. CBB asserts that this conduct represents an unwillingness to investigate the underlying facts of the case, indicating bad faith.

¶40 Although this approach to litigation is a poor recipe for success, we do not find that the superior court committed clear error. First, there is sufficient evidence to find that Sandoval acted in good faith. The record shows that there were numerous repair orders, and that Sandoval subjectively believed that this is what his case was about. While it may be doubtful that Sandoval would have ultimately been successful, the record does not suggest that Sandoval, subjectively, acted in bad faith.

¶41 The record is sufficient to find that Sandoval's counsel did not act in bad faith. Even if Sandoval did not speak directly with his attorneys, his daughter seemed to be acting as an intermediary. English appears to Sandoval's second language, evidenced by the fact that he needed an interpreter to assist during his deposition. To be sure, it is concerning that Sandoval and his attorneys failed to disclose important facts regarding Sandoval's actual use of the vehicle. However, viewing the facts in favor of upholding the judgment, we find that there is sufficient evidence to support a finding that Sandoval and his attorneys acted in good faith under a subjective standard. The trial court did not commit clear error in denying fees under A.R.S. § 12-349(A)(1).

### B. Expand and Delay

¶42 CBB also contends that fees are appropriate under A.R.S. § 12–349(A)(3), which requires the court to award fees when a party "[u]nreasonably expands or delays the proceeding." CBB argues that Sandoval and his counsel unreasonably expanded and delayed the proceedings by refusing to clarify ambiguities in their complaint. CBB contends that Sandoval and counsel only provided clarification after CBB was forced to file its motion to dismiss. CBB also argues that Sandoval and his counsel unreasonably expanded and delayed the proceedings by withholding potentially dispositive facts until discovery, such as the fact that Sandoval did not personally use the car. These were facts CBB contends that Sandoval and his attorneys had access to and could have disclosed either in the complaint or initial disclosure.

¶43 Such behavior is surely questionable and even sanctionable within the trial court's discretion. But it does not rise to the level of unreasonable conduct such that the court was *required* to find a violation of

A.R.S. § 12-349. The superior court did not commit clear error in denying fees under A.R.S. § 12–349(A)(3).

## V.    Rule 11 Sanctions

**¶44**        CBB also contends that the trial court erred by denying its motion for Rule 11 sanctions against both Sandoval and his attorneys. We review the court's denial of Rule 11 sanctions for an abuse of discretion. *In re $15,379 in U.S. Currency*, 241 Ariz. 462, 469, ¶ 15 (App. 2016).

**¶45**        Rule 11 requires that all pleadings, written motions, and other documents filed with the court be signed by an attorney of record or the party. Rule 11(a). Before signing the document, a lawyer must possess a good faith belief, formed on the basis of a reasonable investigation, that a colorable claim or defense exists. *James, Cooke & Hobson, Inc. v. Lake Havasu Plumbing & Fire Prot.*, 177 Ariz. 316, 319 (App. 1993). If this requirement is not met, the court may levy sanctions against the person that signed the document, the represented party, or both. Rule 11(c)(1). Unlike the analysis under § 12-349, we evaluate conduct under an objective standard of good faith. *James, Cooke & Hobson*, 177 Ariz. at 319.

**¶46**        CBB contends that both Sandoval's complaint and initial disclosure violated Rule 11. CBB points to the same general facts as in the argument for fees under A.R.S. § 12-349. For the same reasons we found that Sandoval and his counsel did not act in bad faith for the purposes of A.R.S. § 12-349(A)(1), we find the same here, even under an objective standard. The trial court did not abuse its discretion when it denied CBB's request for Rule 11 sanctions.

## CONCLUSION

**¶47**        We affirm the superior court's ruling except we vacate the portion of the judgment regarding the interest rate and remand for further proceedings. CBB requests an award for attorneys' fees and costs in relation

to this appeal pursuant to A.R.S. §§ 12-341.01 and -349. CBB also requests sanctions under ARCAP 21 and Rule 11. In our discretion, and because we vacated part of the judgment, we deny all CBB's request for attorneys' fees, costs and sanctions.



AMY M. WOOD • Clerk of the Court
FILED:          HB