**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MEDICAL PROTECTIVE COMPANY,
a foreign corporation,
*Plaintiff-Appellee*,

v.

HERMAN PANG, M.D.,
*Defendant-Appellant*.

No. 11-17384

D.C. No.
2:05-cv-02924-JAT

ORDER AND
OPINION

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted
June 14, 2013—San Francisco, California

Filed October 25, 2013

Before: A. Wallace Tashima and Jay S. Bybee, Circuit
Judges, and Kimba M. Wood, Senior District Judge.[*]

Order;
Opinion by Judge Wood

---

[*] The Honorable Kimba M. Wood, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

## SUMMARY**

### Attorneys' Fees

The panel granted appellant's request for publication, affirmed the district court's denial of appellant's motion for costs, and vacated the district court's denial of motions for attorneys' fees, arising from a settlement in a medical malpractice coverage action.

The panel held that the district court properly denied appellant's motion for costs under District of Arizona Local Rule 54.1(d).  The panel also held that the district court abused its discretion by failing to apply the correct standard under Arizona law when it held that appellant was not entitled to attorneys' fees as the "successful party."  The panel remanded for the district court to determine if appellant was the "successful party," and whether attorneys' fees should be awarded.

### COUNSEL

Timothy Kasparek, Goodyear, Arizona, for Defendant-Appellant.

Steven Plitt, Joshua D. Rogers, and John K. Wittwer, Kunz Plitt Hyland & Demlong PC, Phoenix, Arizona, for Plaintiff-Appellee.

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**ORDER**

Defendant-Appellant's request for publication is granted. The Memorandum filed June 26, 2013, and appearing at 2013 WL 3213349, is withdrawn and the authored Opinion filed concurrently with this order is substituted in its stead.

**OPINION**

WOOD, Senior District Judge:

Dr. Herman Pang appeals from the district court's denial of his motion for costs pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)"), and his two motions for attorney's fees pursuant to Ariz. Rev. Stat. § 12-341.01 ("Section 12-341.01"). Rule 54(d) mandates the award of costs to the "prevailing party." Section 12-341.01 provides district courts with discretion to award attorney's fees to the "successful party" in actions arising from contract. Pang argues that he is entitled to costs as the "prevailing party" under Rule 54(d), and entitled to attorney's fees as the "successful party" under Section 12-341.01.

We conclude that the district court properly denied Pang's motion for costs under District of Arizona Local Rule 54.1(d), but that the court abused its discretion by failing to apply the correct standard under Arizona law when it held that Pang was not entitled to attorney's fees as the "successful party." Accordingly, we affirm the district court's decision denying Pang's request for costs, but vacate both of the district court's orders denying Pang's motions for attorney's fees. We remand for the district court to determine (1)

whether Pang was the "successful party" as defined by Arizona law, and (2) if so, whether the district court should exercise its discretion to award attorney's fees.

## I

Pang bought medical malpractice insurance from the Medical Protective Company ("Medical Protective"). In June 2002, Pang applied for a substantial increase in his malpractice coverage, and disclaimed that he had knowledge of any claims or potential claims against him. Medical Protective approved the coverage increase on July 3, 2002. On July 25, 2002, Pang received notice that a patient, Kymberli Williamson, was suing him for malpractice in Arizona state court (the "*Williamson* suit").

On September 21, 2005, Medical Protective filed this action in the District of Arizona seeking rescission of the coverage increase on the ground that Pang allegedly knew of, but failed to disclose, Williamson's pending malpractice claim when he applied for the increase. Pang filed a counterclaim against Medical Protective for bad faith. Both Medical Protective and Pang moved for summary judgment, and the district court granted each party's motion in part. The court identified six unresolved issues—relating to both Medical Protective's rescission claim and Pang's counterclaim—that remained for trial.

Before the trial in the federal action, Pang obtained a favorable jury verdict in the *Williamson* suit. Williamson then appealed the verdict to the Arizona Court of Appeals. On March 25, 2008, while Williamson's appeal was pending, Pang and Medical Protective alerted the district court that they had reached a settlement in their coverage dispute.

According to the terms of the settlement, both Medical Protective's rescission claim and Pang's bad faith counterclaim would be dismissed without prejudice. Depending on the outcome of Williamson's appeal, the parties were permitted either to reopen the action or to dismiss it with prejudice.

At the parties' request, the district court entered an order on March 26, 2008, dismissing both claims without prejudice (the "March 26 Order"). The March 26 Order specified that, no later than thirty days after the Arizona Court of Appeals issued its mandate in the *Williamson* suit,

> one of the parties herein shall file a motion in this action requesting: (1) that the Court enter a final order dismissing this action with prejudice; or (2) requesting that this action be re-opened for final pre-trial conference and trial; or (3) requesting that the non-final order of dismissal without prejudice and the Court's jurisdiction continue until after re-trial of the Williamson case and termination of all appeals therefrom; or (4) such other orders as may be appropriate.

If neither party filed such a motion, the March 26 Order would "automatically become a self-executing final order of dismissal with prejudice thirty-one (31) days after the filing of such mandate."

Williamson eventually succeeded on her appeal. The Arizona Court of Appeals overturned the jury verdict in favor

of Pang and remanded the case for a new trial.[1]  The Arizona Supreme Court subsequently denied Pang's petition for review.  As a result, on February 25, 2010, the Arizona Court of Appeals issued its mandate in the *Williamson* suit.

Neither Pang nor Medical Protective moved to re-open the federal action within thirty days after the issuance of the mandate.  As a consequence, the March 26 Order became final according to its terms, and the action was dismissed with prejudice.

The parties filed four post-judgment motions following the final order of dismissal.  First, Pang moved for $126,590.93 in attorney's fees pursuant to Section 12-341.01, a statute granting courts discretion to award attorney's fees to the "successful party" in suits arising from contract.  The district court denied Pang's fee motion, holding that there was "no 'successful party' within the meaning of Section 12-341.01" because the court had "never resolved the merits of either party's claims."  *Med. Protective Co. v. Pang*, 271 F.R.D. 624, 628 (D. Ariz. 2010).  The court determined that the case had been dismissed with prejudice based on a voluntary settlement agreement, and held that "[s]uch a result does not produce a 'successful party' within the meaning of Section 12-341.01."  *Id.*

Second, Pang sought $9,000.76 in costs.  After the Clerk of the Court refused to award costs because no final judgment had been issued in the case, the district court denied Pang's motion to "revise" the Clerk's denial of its Bill of Costs, reasoning that Local Rule 54.1(d) governed Pang's request,

---

[1] Medical Protective ultimately settled the *Williamson* suit on Pang's behalf.

and that provision made costs unavailable in cases terminated by voluntary settlement.  Alternatively, the Court denied Pang's request for costs for the same reasons that it denied Pang's request for fees.

Third, one week after Pang filed his first fee motion, Medical Protective moved to amend the judgment under Federal Rule of Civil Procedure 59(e) or to vacate the judgment under Federal Rule of Civil Procedure 60(b).  The district court denied Medical Protective's motion.  *Id.* at 627, 628.

Fourth, after the district court denied Medical Protective's motion, Pang filed a second motion for attorney's fees—this time seeking compensation for legal expenses incurred in opposing Medical Protective's post-judgment motion to set aside the March 26 Order.  Pang argued that, as the successful party on the post-judgment motion, he was entitled to attorney's fees pursuant to Section 12-341.01.  The district court denied Pang's second motion because it did not "trigger[] a new action arising out of contract"; consequently, the court's prior holding that Pang was not the successful party also barred Pang from recovering attorney's fees on his second fee motion.  *Med. Protective Co. v. Pang*, 2011 WL 3903096, at *4 (D. Ariz. 2011).

Pang timely appealed.

## II

A district court's decision to deny attorney's fees under state law is reviewed for abuse of discretion.  *Lane v. Residential Funding Corp.*, 323 F.3d 739, 742 (9th Cir. 2003).  A district court abuses its discretion if its decision to

deny fees "is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1133 (9th Cir. 2002); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). However, "[a]ny elements of legal analysis and statutory interpretation that figure in the district court's attorneys' fees decision are reviewed de novo." *Barrios*, 277 F.3d at 1133; *see also Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) ("We review whether the district court properly interpreted and applied the relevant state statute, however, de novo."). Applying this standard, we conclude that the district court properly denied Pang's motion for costs, but abused its discretion by applying the wrong standard when it denied Pang's motions for attorney's fees.

## A

Federal Rule of Civil Procedure 54(d)(1) provides that "costs–other than attorney's fees–" should be awarded to the "prevailing party." In the District of Arizona, however, the local rules provide that district courts "will not determine the party entitled to costs in actions terminated by settlement." D. Ariz. Loc. R. 54.1(d). Rather, in such cases, "parties must reach agreement on taxation of costs, or bear [their] own costs." *Id.* Local rules are valid so long as they are not inconsistent with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 83; *see also Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995). Local Rule 54(d) is not inconsistent with Federal Rule 54(d)(1).

The action was terminated based on a settlement agreement reached by the parties.[2]  Accordingly, under Local Rule 54.1(d), each party bears its own costs, unless the parties' agreement states otherwise.   The settlement agreement here was silent as to costs, and thus the district court properly denied Pang's motion for costs.

## B

Pang moved for an award of reasonable attorney's fees pursuant to Rule 54(d) and Section 12-341.01.  Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law.  *See* Fed. R. Civ. P. 54(d)(2)(B)(ii).  Here, Pang moved for attorney's fees pursuant to Arizona law, Section 12-341.01, which provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the *successful party* reasonable attorney fees."  Ariz. Rev. Stat. § 12-341.01(A) (emphasis added).  The district court denied Pang's motions for attorney's fees because, in its view, the outcome of the litigation—a voluntary settlement agreement dismissing the action with prejudice—did not render either party "successful" within the meaning of Section 12-341.01, because the court never resolved the merits of either party's claims.

Contrary to this holding, however, Arizona appellate courts have repeatedly held that "[a]n adjudication on the merits is not a prerequisite to recovering attorney's fees under [Section 12-341.01]." *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ariz. Ct. App. 2007); *see also Britt v.*

---

[2] Indeed, Pang acknowledges that Local Rule 54.1 "proscribes an award of *costs*" for voluntary dismissals with prejudice.

*Steffen*, 205 P.3d 357, 359 (Ariz. Ct. App. 2008) (holding defendant could be "successful" when complaint was dismissed without prejudice for failure to prosecute); *Vicari v. Lake Havasu City*, 213 P.3d 367, 373–74 (Ariz. Ct. App. 2009) (approving award of attorney's fees where case terminated by voluntary dismissal). "[S]uccessful parties" are "not limited to those who have a favorable final judgment at the conclusion of the" action. *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1048 (Ariz. 1985). Rather, a party may be successful without recovering "the full measure of the relief it requests," *Sanborn v. Brooker & Wake Prop. Mgmt.*, 874 P.2d 982, 987 (Ariz. Ct. App. 1994), and need not "prevail on the merits of the underlying claims" in order to be deemed a successful party under Section 12.341-01, *Mark Lighting Fixture Co. v. Gen. Elec. Supply Co.*, 745 P.2d 123, 128 (Ariz. Ct. App. 1986).

To determine whether a party is successful under Section 12-341.01, a court should consider "the totality of the circumstances and the relative success of the litigants." *McAlister v. Citibank*, 829 P.2d 1253, 1262(Ariz. Ct. App. 1992). Where, as here, a case involves multiple claims and counterclaims, "the successful party is the net winner." *Berry v. 352 E. Va., LLC*, 261 P.3d 784, 788 (Ariz. Ct. App. 2011) (quotation marks and citation omitted). Courts may determine the relative success of the parties by using a "percentage of success factor" test, or by looking at the "totality of the litigation." *Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25–26 (Ariz. Ct. App. 1990).[3]

---

[3] If there is "no clear successful party," such as when the jury returns a partial verdict, it may be proper for the court to find that there was no successful party. *Bank One, Ariz. v. Rouse*, 887 P.2d 566, 571 (Ariz. Ct. App. 2008); *see also Kaman Aerospace v. Ariz. Bd. of Regents*, 171 P.3d

The district court also denied Pang's second fee motion, reasoning that it could award attorney's fees incurred in opposing Medical Protective's post-judgment motion only if "the post-judgment motions triggered a new action arising out of contract." It was error for the district court to require that there be "a new action" before considering an award of attorney's fees. Arizona courts have held that attorney's fees may be awarded at more than one point during the course of litigating an action arising out of contract. *See, e.g.*, *Britt*, 205 P.3d at 359–60 (providing for an award of attorney's fees when a party has prevailed only on a motion to dismiss without prejudice); *Harris v. Reserve Life Ins. Co.*, 762 P.2d 1334, 1339 (Ariz. Ct. App. 1998) (affirming award of costs under Section 12-341 where an action has been dismissed with prejudice, and noting that "[t]he fact that . . . plaintiff can refile is not relevant"). Thus, Medical Protective's post-judgment motion was part of an action arising out of contract, and Pang may be eligible for an award of attorney's fees for successfully defending against that motion.

The district court improperly focused on the fact that it had never resolved the merits of any of the underlying claims, and failed to assess whether Pang was the "successful party" as defined by Arizona law. The court's holding rested on an inaccurate view of the law, and thus represents an abuse of discretion. *Hinkson*, 585 F.3d at 1261–62, 1263; *Barrios*, 277 F.3d at 1133. Accordingly, we vacate both of the district court's orders denying Pang's motions for attorney's fees and remand for the district court to determine in the first instance (1) whether Pang was the "successful party" as defined by Arizona law, and (2) if so, whether the district court should

599, 609 (Ariz. Ct. App. 2007) (approving finding that neither party is successful where "neither party prevailed on its claim at trial").

exercise its discretion to award attorney's fees, and the amount of such fees if the court exercises its discretion in favor of an award. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc). In making these determinations, the district court may compare the increase in coverage Pang received as a result of the dismissal of Medical Protective's rescission claim, with the benefit to Medical Protective due to the dismissal of Pang's bad faith claim.

## III

The district court correctly denied Pang's motion for costs, but abused its discretion by applying the wrong legal standard when it denied Pang's two motions for attorney's fees. Each party shall bear its or his own costs on appeal.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**