**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ASH GROVE CEMENT COMPANY, a Delaware corporation,<br><br>      Plaintiff - Appellee,<br><br>STATE OF OREGON,<br><br>      Intervenor,<br><br>  v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts insurance company,<br><br>      Defendant - Appellant. | No.   13-35900<br><br>D.C. No. 3:09-cv-00239-HZ<br><br><br>MEMORANDUM* |

| | |
|---|---|
| ASH GROVE CEMENT COMPANY, a Delaware corporation,<br><br>      Plaintiff - Appellee,<br><br>STATE OF OREGON,<br><br>      Intervenor,<br><br>  v. | No.   13-35905<br><br>D.C. No. 3:09-cv-00239-HZ |

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

UNITED STATES FIDELITY &
GUARANTY COMPANY, a Maryland
insurance company,

Defendant - Appellant.

ASH GROVE CEMENT COMPANY, a
Delaware corporation,

Plaintiff - Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, a Massachusetts insurance
company; UNITED STATES FIDELITY &
GUARANTY COMPANY, a Maryland
insurance company,

Defendants - Appellees.

No.    14-35298

D.C. No. 3:09-cv-00239-HZ

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted May 2, 2016
Portland, Oregon

Before: GOODWIN, TALLMAN, and HURWITZ, Circuit Judges.

Liberty Mutual Insurance Company ("Liberty") and United States Fidelity

and Guaranty Company ("USF&G") appeal a declaratory judgment, entered after a

bench trial, holding that they have a duty under Oregon law to defend Ash Grove

Cement Company. Ash Grove cross-appeals the denial of a portion of its

2

attorneys' fee request. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Ash Grove operates two cement plants on the east shore of the Willamette River within the Portland Harbor Superfund Site (the "Site"). *See* 65 Fed. Reg. 75179-01(III)(A) (Dec. 1, 2000) (listing Portland Harbor on the National Priorities List). In January 2008, Ash Grove received an information request from the U.S. Environmental Protection Agency ("EPA") pursuant to section 104(e) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9604(e), regarding contamination at the Site (the "104(e) letter"). On January 29, 2008, Ash Grove forwarded the 104(e) letter to Liberty and USF&G (the "Insurers").

In January 2009, Ash Grove filed a complaint in Oregon state court seeking a declaratory judgment that the Insurers and Hartford Accident and Indemnity Company ("Hartford") had a duty to defend and indemnify Ash Grove for certain expenses it incurred related to the 104(e) letter, damages for breach of contract, and attorneys' fees. The defendants subsequently removed the case to the District of Oregon.[1]

1. In July 2010, Ash Grove settled its claims against Hartford. The district court properly rejected the Insurers' argument that "the injuries for which damages were sought in the two actions" were "identical," because the settlement

---

[1] The duty to indemnify claim has been stayed.

3

broadly settled all potential claims between the parties, not just those related to the Site. *See Maduff Mortg. Corp. v. Deloitte Haskins & Sells*, 779 P.2d 1083, 1090 (Or. Ct. App. 1989).

2. The Insurers argue that the 104(e) letter is not a "suit" under Oregon law.[2] But, we have previously held that a 104(e) letter is a "coercive information demand[]" that is "an attempt to gain an end through legal process," and is therefore a "suit" under Oregon law. *Anderson Bros., Inc. v. St. Paul Fire & Marine Ins. Co.*, 729 F.3d 923, 932-33, 935 (9th Cir. 2013).

3. We have also rejected the Insurers' argument that the intent of the parties could not have been to treat a 104(e) letter as a "suit," because the policies distinguish between a "claim" and a "suit." *Id.* at 933-34. Likewise, we have addressed and rejected the Insurers' contention that a 104(e) letter cannot constitute a "suit" because it does not require that an "insured take action with respect to contamination within the State of Oregon" under Oregon Revised Statute § 465.480(2)(b). *Id.* at 934-35.

4. The Insurers argue that the 104(e) letter contains no allegations of "property damage" which could impose liability on Ash Grove sufficient to trigger

---

[2] All policies at issue require the Insurers to defend any "suit" against Ash Grove.

4

the duty to defend.[3]  This position was also specifically rejected in *Anderson Bros.*, 729 F.3d at 936-37.

5.  *Anderson Bros.* also disposes of the Insurers' argument that requiring an insurer to defend a 104(e) letter would violate the Oregon Constitution and the United States Constitution by retroactively and materially expanding the scope of the defense obligation.  *Id.* at 936.

6.  The Insurers maintain that, even if the 104(e) letter constitutes a suit, their duty to defend ceased after Ash Grove submitted its response to the letter. But Oregon law provides that the duty "continue[s] as to each unit [of property] until the Record of Decision for that unit [i]s filed."  *Schnitzer Inv. Corp. v. Certain Underwriters at Lloyd's of London*, 104 P.3d 1162, 1169 (Or. Ct. App. 2005), *aff'd*, 137 P.3d 1282 (Or. 2006).  Aside from their argument that the duty to defend ended when the response to the section 104(e) letter was submitted, the Insurers do not contend that the district court erred in requiring them to establish that the expenses Ash Grove incurred were "in fact unreasonable or unnecessary" as defense costs.  *See Aerojet-General Corp. v. Transp. Indem. Co.*, 948 P.2d 909,

---

[3]  The Liberty policies from 1963 to 1966 cover "damages because of injury to or destruction of property, including the loss of use thereof, caused by accident," while policies from 1967 to 1970 cover "property damage to which this policy applies, caused by an occurrence."  The USF&G policies all state that USF&G "will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies, caused by an occurrence. . . ."

924 (Cal. 1997).

**7.** The Insurers also posit that, if the 104(e) letter constitutes a suit, the district court erred in holding that Oregon law does not require a formal tender of a claim before the duty begins. The district court correctly, however, cited a decision of the Oregon Court of Appeals, *see Or. Ins. Guar. Ass'n v. Thompson*, 760 P.2d 890, 893 (Or. Ct. App. 1988), suggesting that the duty is triggered by notice of the claim, and the Insurers have provided no citation to any contrary Oregon authority.

**8.** Ash Grove challenges the district court's award of attorneys' fees under Oregon Revised Statutes § 742.061(1), which provides for "a reasonable amount" of fees in any action in which an insured's "recovery exceeds the amount of any tender made by the defendant." We find no abuse of discretion in the district court's award. *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013) (stating standard of review).

**a.** After finding counsel's handling of the case "average," the court did not abuse its discretion in granting fees at the average rates in the Oregon State Bar Survey, the "initial benchmark" adopted as a policy matter by the District of Oregon.

**b.** The district court did not exceed its "authority to make across-the-board cuts," when it provided "a concise but clear explanation of its

6

reasons," *Gates v. Deukmejian*, 987 F.2d 1392, 1399-1400 (9th Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The court identified and explained in a 38-page opinion why substantial reductions were warranted in a record establishing excessive and duplicative billing, and "replete" with "needless peer review, particularly between experienced outside and local counsel," that "unnecessarily increased the cost of litigation."

c. Contrary to Ash Grove's arguments, in declining to award fees for certain document review, the district court did not find that it was unreasonable to expend 278 hours reviewing 7,872 documents. Rather, the court properly ruled that the absence of detailed time entries prevented it from determining whether "the amount of time billed is reasonable for the described task."

d. Because Ash Grove did not submit evidence from which the district court could have determined attorney DRS's billing rate, the court did not err in refusing to award any fees for his time. *See Strawn v. Famers Ins. Co. of Or.*, 297 P.3d 439, 449 (Or. 2013) ("Strawn, as the party seeking an award of fees, has the burden of establishing the reasonableness of the fee amount that he requests.").

**AFFIRMED.**[4]

---

[4]     The Insurers' Motion to Certify Questions to the Oregon Supreme Court, **ECF No. 26**, is **DENIED.**