

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PRESTON COLLECTION
INCORPORATED,

Plaintiff-Appellee,

v.

STEVEN YOUTSEY,

Defendant-Appellant.

No.    19-15525

D.C. No. 2:15-cv-00607-NVW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted May 6, 2020**
Seattle, Washington

Before:  KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.


Defendant Steven Youtsey appeals from the district court's grant of

additional attorneys' fees pursuant to Arizona Revised Statutes § 12-341.01(A),

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

which gives the district court discretion to award fees to "the successful party" in "any contested action arising out of a contract, express or implied." We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

A district court's decision regarding an award of attorneys' fees under state law is reviewed for abuse of discretion. *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013). We conclude that the district court appropriately exercised its discretion here. Principally, and despite Youtsey's repeated claims to the contrary, Preston Collection had an interest in ensuring that the posted supersedeas bond was not voidable or otherwise subject to garnishment or clawback.

We hold that the post-judgment dispute over the supersedeas bond, under A.R.S. § 12-341.01(A), still arose from contract. Youtsey's citations to *Dooley v. O'Brien*, 244 P.3d 586 (Ariz. Ct. App. 2010), and *Bennett Blum, M.D., Inc. v. Cowan*, 330 P.3d 961 (Ariz. Ct. App. 2014), are unavailing. Since the former case involved a lawsuit based in part on a fraudulent conveyance theory of liability, and the latter case involved separate garnishment proceedings, both are inapposite. Preston Collection neither asserted a fraudulent conveyance cause of action nor

2

initiated garnishment proceedings.  Instead, the company objected to the bond that Youtsey posted because it did not afford security.

We also hold that Preston Collection was a "successful party" under A.R.S. § 12-341.01(A).  Arizona courts have repeatedly acknowledged that an "adjudication on the merits is not a prerequisite to recovering attorneys' fees under A.R.S. § 12–341.01." *Fulton Homes Corp. v. BBP Concrete*, 155 P.3d 1090, 1096 (Ct. App. 2007).  We have previously recognized this in our own precedent. *Med. Protective*, 740 F.3d at 1283 (collecting cases).  Further, a district court has "substantial discretion" in making this determination. *Fulton Homes*, 155 P.3d at 1096.  In this instance, the district court did not abuse its discretion by finding that Preston Collection was the successful party.  While the dispute over the bond was resolved by joint stipulation rather than court order, Youtsey fought Preston Collection for months before eventually acquiescing to its position.

We disagree with Youtsey's objections to the fee amount.  Although he "offered" to substitute the supersedeas bond on January 11, 2018, he did not need Preston Collection's consent to make this change, nor could the eventual stipulation be fairly characterized as the "same relief."  Similarly, we conclude that

3

Youtsey is not entitled to his fees incurred after January 11. His "offer" was not a "written settlement offer" as required by § A.R.S. 12-341.01(A), and in any event, was not the "same relief" as compared to the eventual stipulation.

Finally, we hold that Youtsey is not entitled to his fees on appeal under A.R.S. § 12-341.01. As he did not succeed on the merits of his appeal, he plainly does not qualify for fees.

**AFFIRMED**.