**NOT FOR PUBLICATION**

**FILED**

FEB 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSHUA DAVID MELLBERG LLC, DBA JD Mellberg Financial, an Arizona limited liability company; JOSHUA DAVID MELLBERG, an individual, | No. 22-15668 |
| | D.C. No. 4:14-cv-02025-CKJ-LCK |
| Plaintiffs-counter-defendants-Appellants, | |
| v. | MEMORANDUM* |
| FERNANDO GODINEZ; JANE DOE GODINEZ; CARLY URETZ; JOHN DOE URETZ, | |
| Defendants-Appellees, | |
| and | |
| JOHN STEVE ARECO; JANE DOE ARECO; PATRICIA LATHAM; JOHN DOE LATHAM, | |
| Defendants. | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| JOSHUA DAVID MELLBERG LLC, DBA JD Mellberg Financial, an Arizona limited liability company; JOSHUA DAVID MELLBERG, an individual, | No. 22-15724 |
|---|---|
| Plaintiffs-counter-defendants-Appellees, | D.C. No. 4:14-cv-02025-CKJ-LCK |
| v. | |
| FERNANDO GODINEZ; JANE DOE GODINEZ; CARLY URETZ, | |
| Defendants-Appellants, | |
| and | |
| JOHN DOE URETZ; JOHN STEVE ARECO; JANE DOE ARECO; PATRICIA LATHAM; JOHN DOE LATHAM, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted January 30, 2025
San Francisco, California

Before: SCHROEDER, RAWLINSON, and BYBEE, Circuit Judges.

Plaintiffs Joshua David Mellberg LLC and its president (collectively,

"JDM") appeal from the district court's grant of attorneys' fees to former

employees, Fernando Godinez and Carly Uretz ("Defendants").[1] JDM sued

Defendants and several others, including Impact Partnership LLC ("Impact"), for

various claims related to alleged misappropriation of trade secrets and confidential

information. The court granted summary judgment to Defendants on all claims,

and we affirmed. The district court granted attorneys' fees to Defendants under

Arizona Revised Statutes section 12-341.01(A), which permits awards to

successful parties in "any contested action arising out of a contract."

JDM contends that the court erred in awarding fees to Uretz because the

claims against her did not arise out of a contract. That is not correct. JDM

principally claimed that Uretz misappropriated trade secrets, and this required

showing that JDM took steps to maintain the secrecy of the purportedly

misappropriated information. *See* Ariz. Rev. Stat. § 44-401(4)(b) (a "trade secret"

must be "the subject of efforts that are reasonable under the circumstances to

maintain its secrecy"). JDM relied on allegations that it used written employment

policies to protect its confidential information, and Uretz was subject to these

policies as part of her employment contract with JDM. These policies and Uretz's

---

[1] On cross appeal, Defendants contend that if the fee award is vacated, we should remand for the district court to consider whether Defendants are entitled to fees under Arizona Revised Statutes section 44-404(1). Because we affirm, we need not reach this issue.

3

breach of them were essential parts of JDM's misappropriation claims. *See Ford v. Revlon*, 734 P.2d 580, 587 (Ariz. 1987) (in banc). JDM's claims against Uretz therefore arose out of a contract because the claims could not exist "but for the breach of the contract implied by [JDM's] policies." *Id.*

JDM also contends that the district court misapplied the *Warner* factors in making a discretionary fee award to Defendants. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc). The court did not abuse its discretion. *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1282 (9th Cir. 2013) (setting forth standard of review). Defendants prevailed at summary judgment on the merits because JDM failed to establish damages, an essential element of their claims. JDM asserts that Defendants' attorneys' efforts were superfluous. Although their attorneys deferred to Impact's counsel in preparing initial drafts of dispositive motions, Defendants' attorneys still needed to determine which of Impact's contentions Defendants could rely upon and which issues were specific to Defendants that needed to be separately addressed.

JDM's request to certify a question to the Arizona Supreme Court is denied. *See Thompson v. Paul*, 547 F.3d 1055, 1065 (9th Cir. 2008).

**AFFIRMED.**

4